JEFFREY D. WOHL (Cal. State Bar No. 96838)
JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
CHRISTINA F. LATTA (Cal. State Bar No. 257315)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
jeffmichalowski@paulhastings.com
christinalatta@paulhastings.com

Attorneys for Defendant
24 Hour Fitness USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DROBOT, an individual; and REGINALD ALLISON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> 24 HOUR FITNESS USA, INC., a California corporation; and DOES 1 THROUGH 20, <br><br> Defendants. | No. C-09-1318-JSW <br><br> **STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION** |

LEGAL_US_W # 61857520.3

STIP TO STAY ACTION PENDING ARBITRATION
U.S.D.C., N.D. Cal., No. 09-1318-JSW

Plaintiffs Paul Drobot and Reginald Allison and defendant 24 Hour Fitness USA, Inc., acting through their respective counsel of record, hereby stipulate as follows:

1. The parties will arbitrate plaintiffs' claims pursuant to their arbitration agreement (the "Agreement"), a copy of which is attached to this stipulation as Exhibit A.

2. By entering into this stipulation, the parties do not waive, and specifically reserve, their respective positions regarding the scope and enforceability of the confidentiality provision of the Agreement. Any dispute regarding the confidentiality provision will be decided by the arbitrator.

3. The parties will make their best efforts to agree upon an arbitrator within ten days after the date on which the Court enters an order adopting this stipulation (the "Arbitration Order"). If within that ten-day time period the parties do not agree upon an arbitrator, the parties will use the process set forth below for selecting an arbitrator. (For purposes of this process, plaintiffs will act as a single party, and defendant will be the other party.)

    a. At noon on the fifteenth day after the entry of the Arbitration Order, each party will provide a list of six arbitrators to the other party, via e-mail.

    b. At noon on the twentieth day after the entry of the Arbitration Order, each party will send an e-mail striking two of the six arbitrators who have been designated by the opposing party, leaving a total of eight arbitrators remaining.

    c. At noon on the thirtieth day after entry of the Arbitration Order, each party will send to the other the list of eight arbitrators ranked by the party's preference, with the arbitrator the party most prefers ranked as number "8," the arbitrator the party least prefers ranked as number "1," and the other arbitrators ranked in ascending order from number "2" to number "7" based on preference.

    d. The rankings of the arbitrators will be tallied. The arbitrator with the highest combined ranking will be preliminarily selected as the arbitrator. In the event that two or more arbitrators have the highest ranking, the Court will preliminarily select between the arbitrators with the highest combined ranking.

    e. Once an arbitrator is preliminarily selected in this manner, the arbitrator will make the disclosures required by, and the parties will have the right to raise

objections, pursuant to California Code of Civil Procedure sections 1281.6, 1281.85, 1281.9, and 1281.91. If no party duly objects to the arbitrator pursuant to those statutes, he or she will serve as the arbitrator in the arbitration. If the arbitrator preliminarily selected is excused pursuant to those statutes, a new preliminary selection will be made pursuant to the process set forth above, using the same rankings as before but excluding the arbitrator who has been excused. The process will be repeated until an arbitrator has been finally selected.

4. The parties request that the Court stay this action pending completion of the arbitration, at which time the parties will notify the Court of the arbitrator's award, and as appropriate under applicable law, move to confirm, modify, or vacate the award.

Dated: June 12, 2009.   WILLIE L. BROWN, JR.

LOUISE H. RENNE
JONATHAN V. HOLTZMAN
STEVE CIKES
RENNE SLOAN HOLTZMAN SAKAI LLP

SHARON R. VINICK
EMILY NUGENT
VINICK LAW FIRM

By: __/s/ Sharon R. Vinick_____
       Sharon R. Vinick
Attorneys for Plaintiffs Paul Drobot and Reginald Allison

Dated: June 12, 2009.   JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
CHRISTINA F. LATTA
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: __/s/ Jeffrey D. Wohl_____
       Jeffrey D. Wohl
Attorneys for Defendant 24 Hour Fitness USA, Inc.

LEGAL_US_W # 61857520.3                 2            STIP TO STAY ACTION PENDING ARBITRATION
                                                     U.S.D.C., N.D. Cal., No. 09-1318-JSW

**ORDER**

On the parties' stipulation, and good cause appearing therefore,

IT IS ORDERED that the parties will arbitrate their claims pursuant to their stipulation.

IT IS FURTHER ORDERED that this action is STAYED pending completion of the parties' arbitration, at which time the parties will notify the Court of the arbitrator's award and, as appropriate under applicable law, move to confirm, modify, or vacate the award.

Dated: June 15, 2009.

_____
Jeffrey S. White
United States District Judge